# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICARDO MARTINEZ-RODRIGUEZ

        Petitioner,

v.                          CIV  NO. 002-1532 MV/ACT

TIM LeMASTER, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent Tim LeMaster's Motion to Dismiss the Petition for a Writ of Habeas Corpus filed on February 10, 2003 (Doc. No. 12).  The United States Magistrate Judge, having reviewed the Petition, the Motion and Memorandum in Support, the Response,  the Answer and the Exhibits finds that the Motion to Dismiss is well taken and recommends that it be GRANTED.

## PROPOSED FINDINGS

### JURISDICTION AND PROCEDURAL BACKGROUND

1. Petitioner, Ricardo Martinez-Rodriguez,  is currently incarcerated in a New Mexico

correctional facility and is represented by counsel in this habeas corpus petition.

2.  Petitioner was convicted by a jury on three counts each of first degree murder, kidnaping with great bodily harm, conspiracy to commit murder, conspiracy to commit kidnaping, tampering with evidence and one count each of taking a vehicle and receiving a stolen vehicle.

3.  Petitioner was sentenced to three consecutive life terms, followed by 69 years.  He does not become eligible for parole until the year 2123.

4.  Petitioner appealed his convictions directly to the New Mexico Supreme Court which affirmed all but one of his convictions.  The Court overturned Petitioner's conviction of receiving a stolen vehicle.  *State v. Martinez-Rodriguez*, 2001 NMSC-029, 131 N.M. 47, 33 P.3d 267 (2001).  Petitioner's sentenced time remained unchanged.

5.  Petitioner petitioned the U. S. Supreme Court for a writ of certiorari on December 13, 2001.  The U.S. Supreme Court denied the petition on March 18, 2002.

6.  Petitioner timely filed his habeas corpus petition with this Court on December 5, 2002. There are no procedural bars to this petition.

7.  Petitioner brings one claim for relief before this Court.  He argues that the prosecution's introduction into evidence and use of a co-defendant's written statement inculpating Petitioner in the crimes of which he was accused and ultimately convicted violated his Confrontation Clause rights under the Sixth Amendment.

BACKGROUND FACTS

8.  Three men were killed in a motel in Albuquerque.  The bodies of two of the men were found the morning of February 25, 1997 by the maid in the motel room.  The third man, who had

2

rented the motel room, was discovered several weeks later in the snow along a highway to Santa Fe.  The three men had been beaten and strangled to death.

9.  Physical evidence linked Petitioner to the crime.  Petitioner's fingerprints and saliva were found in the motel room.  DNA evidence also showed Petitioner had engaged in anal sex with one of the victims.  Petitioner was arrested in Kansas, along with three other men, in the stolen car, a Ford Taurus, of one of the victims.  The State also introduced evidence that Petitioner had bragged to a jail house snitch in the Kansas jail that Petitioner had strangled three men with a rope.

10.  The wallet of one of the victims was found in the motel bathroom.  Another victim's identification card, with Petitioner's fingerprints on it, was found hidden in the motel room.  The social security card of another victim was found ripped and discarded near the area where Petitioner was arrested.

11.  On February 26, 1997, Carmen Grover, a former girlfriend of Valentin Reyes, one of the co-defendants, was visited around 10 P.M. at her home in Salt Lake City, Utah by Reyes and three Mexican men.  The men were driving a Ford Taurus.  They spent the night and left in the morning.  A ticket was issued to the Ford Taurus on February 26, 1997 in Salt Lake City.  The car, now known to belong to one of the victims, was reported stolen.

12.  On March 3, 1997, Kansas police spotted the stolen Ford Taurus in a truck stop parking lot and arrested its three male Mexican national occupants, Reyes, Rene Hernandez-Hernandez and Ricardo Silva.  The three men told the police a fourth man, the Petitioner, was in a park a short distance away.  Police arrested Ricardo Martinez-Rodriguez there.

13.  On March 4, as the four men were being moved at the Salina, Kansas jail, a sheriff's

3

deputy found a note written in Spanish on toilet paper in Silva's shoe.  The note was signed by Reyes.

14.   The note was translated and read,

Whenever you want to write to Mexico, write to Carmen and send a letter to your mother, and so Carmen will send it to Mexico.  You denied everything and I too denied everything.  They want to lie to us that they have photographs of us in Albuquerque.  Just say we were never there.  Just about three hours in Salt Lake City, Utah and we worked in Denver cleaning houses and gardens.  Let's see what happens.  Throw out this paper after you read it. Valente.

[on the reverse side it stated]:

What they found was blood from their shirts.  I think we will remain inside a few years.  Well, we all said different things, but the four of us are equally guilty, no less, no more.  I'll see you.

15.   Albuquerque police detectives advised each of the four men of their Miranda rights in Spanish.  Petitioner agreed to give a statement.  He told police he entered the United States from Mexico, met his three co-defendants, and rode a train from Anthony, New Mexico to Denver, Colorado.  In Denver, they pooled their money, bought the Ford Taurus and drove to Kansas.  He denied ever being in Salt Lake City or Albuquerque.

ADMISSION OF THE NOTE

16.   The  four co-defendants moved to sever their trials in part because the prosecution indicated its intention to introduce the note into evidence as an exception to the hearsay evidence rule.  The defendants asserted that a joint trial would cause confrontation problems under the Sixth Amendment.  The motion was granted.

17.   Petitioner's trial was held before the trial of the author of the note, Reyes.  Reyes did

not testify at Petitioner's trial and all parties agree that Reyes was an unavailable witness.

18.   The note was introduced into evidence at Petitioner's trial as an exception to the hearsay rule of evidence, Rule 11-804(B)(4) NMRA 2003.  The New Mexico Rule of Evidence, which is identical to the Federal Rule of Evidence 804 (B)(4), states that if a declarant is unavailable as a witness, a statement is not excluded from evidence by the hearsay rule if the statement was "a statement which was at the time of its making ... so far tended to subject the declarant to civil or criminal liability, ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."

19.   On his direct appeal to the New Mexico Supreme Court, the Petitioner argued, *inter alia*, that the admission of the note into evidence violated his right to confront his accuser under the Sixth Amendment.


NEW MEXICO SUPREME COURT DECISION

20.   The New Mexico Supreme Court reviewed the trial court judge's decision to admit the note as an exception to the hearsay rule under an abuse of discretion standard.  *State v. Martinez-Rodriguez*, 131 N.M. 47, 56, 33 P.3d 267, 276  (2001).  "A reviewing court must decide whether the trial court abused its discretion in making the determination that a statement so far tended to subject a person to criminal liability, rather than to relieve him or her of it, that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true."  Id. at 57, at 277.

21.   The New Mexico Supreme Court conducted a statement by statement or line by line inquiry into the note to determine whether the statement was against the declarant's interest.  The

5

Court made the following findings:

> a. The first paragraph of the note, discussing the need for a consistent cover story, shows a knowledge of the crime and consciousness of guilt.
>
> b. The instruction to destroy the note after reading it shows a consciousness of guilt and demonstrates that Reyes knew the statement was against his interest.
>
> c. The reference to testing for blood on shirts demonstrates knowledge about the crime and is something from which the jury could infer that his confederates knew it as well.
>
> d. The acknowledgment that they may be facing incarceration also shows that the declarant knew something about the crime and is a statement from which the jury could infer that his confederates knew something about the crime as well.
>
> e. The statement "the four of us are equally guilty" directly incriminates the declarant, Reyes, and the other three men. The statement is both self-inculpatory and inculpatory of his co-defendants.

22. The New Mexico Supreme Court also considered the circumstances surrounding the making of the note. The Court found:

> a. The statement was made privately to a co-defendant.
>
> b. The declarant was not communicating with police in order to curry favor or in response to an offer of leniency.
>
> c. The declarant never intended the statement to be made public.
>
> d. The statement was made after Reyes had been questioned by police and knew he and his co-defendants were suspects in the murders.

6

23.  From the review of the statement and the analysis of the circumstances surrounding the note, the Court concluded that the statement was clearly against the declarant's penal interest and that Reyes was not attempting to shift responsibility for the crimes away from himself and onto the other three co-defendants.  "Because we do not think that a reasonable person would falsely admit his involvement in such serious crimes, we hold that the statement fell within the penal interest exception to the hearsay rule and the trial court did not abuse its discretion in admitting the statement."  131 N.M. at 58, 33 P.3d at 278.

24.  The Court reviewed the second issue, whether the admission of the statement into evidence violated the defendant Martinez-Rodriguez's Confrontation Clause rights under the Sixth Amendment, under a *de novo* review standard.

25.  Relying on *Ohio v. Roberts*, 448 U.S. 56 (1980), the Court held there is no Confrontation Clause problem in admitting a hearsay statement when the declarant is unavailable and the statement bears adequate indicia of trustworthiness.  The indicia of trustworthiness can either be found by determining that the hearsay exception is a firmly rooted one or that the statement bears its own adequate indicia of reliability.

26.  The Court held that under New Mexico law a statement against penal interest within the meaning of New Mexico Rule 11-804(B)(3) is a firmly rooted exception to the hearsay rule. *State v. Martinez-Rodriguez*, 131 N.M. at 58, 33 P.3d at 278.  The Court concluded that Martinez-Rodriguez's right to confront his accuser under the Sixth Amendment was not violated by the admission of his co-defendant's note or by the trial court's allowing the detective to testify about the note because the note fell within a firmly rooted exception to the hearsay rule and therefore bore sufficient indicia of trustworthiness to satisfy the requirements of the Sixth

Amendment Confrontation Clause.

## HABEAS CORPUS RELIEF

28.  A Petitioner is entitled to relief on his habeas corpus petition only if the adjudication below resulted in an decision that was contrary to, or involved an unreasonable application of clearly established federal law as established by the U.S. Supreme Court.  28 U.S.C. §2254(d).

29.  The clearly established federal law, as established by the U.S. Supreme Court,  is that a non-custodial statement made by an unavailable declarant that is both self-inculpatory and inculpatory of the declarant's co-defendants may be used against a defendant in his trial and will not violate the defendant's Sixth Amendment confrontation rights, if the statement bears adequate indicia of trustworthiness.  *See Ohio v. Roberts*, supra.

30.  The more recent case of *Lilly v. Virginia,* 527 U.S. 116 (1999), did not establish a new standard of federal law regarding when the use of a non-custodial statement would violate at defendant's Sixth Amendment confrontation clause rights.  *Lilly* involved a custodial confession made by a co-defendant who confessed to a minor portion of a crime spree but inculpated his brother, the defendant, in a murder committed during the crime spree.  The Court ruled that the use of the custodial confession against the defendant violated his constitutional rights under the Sixth Amendment. But the Court failed to garner a majority of the Justices concurring in any one opinion.  Four Justices reasoned that the term statement against penal interest was too broad to be meaningful.  They wrote that accomplice statements made by an unavailable co-defendant, sought to be used against the defendant, that shift or spread blame to a criminal defendant do not fall within a firmly rooted exception to the hearsay rule.  Therefore, the Court should independently

8

review whether the proffered statement bears adequate indicia of reliability which would satisfy the constitutional requirements of the Sixth Amendment.  They found that the custodial confession did not bear adequate indicia of reliability.

Two Justices wrote that Confrontation Clause analyses should only be used in cases of custodial confessions or statements made in prior judicial proceedings.  They found the use of this custodial confession a clear violation of the Sixth Amendment.

Three Justices wrote that the case before them did not raise the issue whether a genuinely self-inculpatory statement that also inculpates a co-defendant could constitutionally be used against the co-defendant in his criminal trial.  They saw no reason why such a statement might not be considered a firmly rooted hearsay exception, thereby guaranteeing the reliability necessary to pass constitutional scrutiny under the Sixth Amendment Confrontation Clause.  Nevertheless, they joined in the holding that the use of this custodial confession violated the defendant's constitutional rights.

31.  Although the Tenth Circuit case of *Earnest v. Dorsey*, 87 F. 3d 1123 (10th Cir. 1996) involved a custodial confession and statement, the analysis of that statement and the determination whether the use of the declarant's statement against a fellow criminal defendant violated his Sixth Amendment Confrontation Clause rights is relevant to this habeas corpus petition.  "In general, an out of court statement may constitutionally be introduced against a criminal defendant only if the statement bears adequate indicia of reliability." *Id.* at 1130.   Whether a hearsay statement is reliable is a mixed question of law and fact, reviewed by an appellate court *de novo*.  The reviewing court presumes the factual findings of the court below are correct.

32.  The factual findings of the New Mexico Supreme Court including the line by line

9

analysis of the statement and the circumstances surrounding the making of the statement are findings from which this Court can conclude that the hearsay statement of Reyes was reliable.

33. This Court presumes the findings of the New Mexico Supreme Court (Findings of Fact 21 and 22) are correct.  This Court finds, based upon the analysis of the New Mexico Supreme Court, that the note written by Reyes bears adequate indicia of reliability to support the trustworthiness of the statement.

34.  Whether the note falls within a firmly rooted exception to the hearsay rule or independently bears adequate indicia of reliability, this Court finds that the note bears adequate indicia of reliability to satisfy the demands of the Confrontation Clause of the Sixth Amendment when it was used against the Petitioner in his criminal trial.  The Court finds that the Petitioner's Sixth Amendment Confrontation Clause rights have not been violated and that he is not entitled to a writ of habeas corpus.

RECOMMENDED DISPOSITION

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED and that the §2254 Petition for a Writ of Habeas Corpus be DISMISSED for failure to state a claim upon which relief can be granted.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW,

Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections

within the ten day period allowed if that party wants to have appellate review of the proposed

findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE